UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EAGLE EQUITY FUNDS, LLC, ET AL., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CENTRAIS ELÉTRICAS BRASILEIRAS )<br>S/A – ELETROBRAS, ET AL., )<br>)<br>Defendants. )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 19-cv-09344-JMF<br><br>**ORAL ARGUMENT REQUESTED** |

**PLAINTIFFS' SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Plaintiffs, through undersigned counsel, respectfully submit this sur-reply memorandum of law to (1) address certain arguments made by Defendants, in part, for the first time in their Reply Memorandum in Further Support of Defendants' Motion to Dismiss (the "Reply") (Dkt. No. 47); and (2) update the Court on Eletrobras' continued and ongoing misrepresentations that have occurred since Plaintiffs filed their Memorandum in Opposition to the Motion to Dismiss.[1]

**I.   Defendants' Reply Arguments**

In their Reply, Defendants expand on their purposeful mischaracterization of Plaintiffs' case by addressing it as if it were a case for damages for past wrongs. Again, Plaintiffs are <u>not seeking monetary damages under the Exchange Act</u> for Defendants' past false and misleading statements. Rather, Plaintiffs are seeking a **declaration** that Defendants' **ongoing** statements are

---

[1] All capitalized terms have the same meaning as in Plaintiffs' Memorandum in Opposition to the Motion to Dismiss ("Opp.") (Dkt. No. 43) and all emphases are added and citations are omitted.

1

false and misleading and an **injunction** to prevent them from making them **in the future**. **None** of Plaintiffs' Exchange Act claims seek monetary damages, and, unlike monetary damages, the entire purpose of declaratory and injunctive relief is to address ongoing and/or future wrongs. Opp. at 7-8. This critical distinction renders moot more than half of Defendants' arguments.

    A.  Plaintiffs' Claims Are Not Time Barred

For example, Plaintiffs are not arguing that "their claims are exempt from the statutory timeliness requirements because they seek equitable relief." Reply at 3. Rather, Plaintiffs argue that, because they seek to prevent ongoing and future injury, neither the statute of limitations nor the statute of repose could have run yet. *See* Opp. at 9-10. Nor do Plaintiffs "concede" that their claims are time-barred by accurately noting that their claims are not "based on the Bearer Bonds." Reply at 1. As noted below, the purchaser-seller rule does not apply to a case seeking injunctive relief, and it was not Plaintiffs' purchase of the Bearer Bonds or the ADRs that gives rise to their claims. Rather, Plaintiffs have standing because they own Bearer Bonds and ADRs to stop Defendants from making ongoing and future false and misleading statements in violations of the Exchange Act about those instruments.

It is for this reason that Defendants' arguments do not fit the facts of this case. For example, they assert that, "[w]here, as here, a plaintiff alleges misrepresentations or omissions continuing after the relevant securities transaction, it is the transaction itself (rather than any subsequent misstatement) that is deemed to constitute the date of the violation for purposes of triggering the statute of repose." Reply at 4-5. They also argue that Plaintiffs "s[a]t on their hands" and attack "more than a decade" of supposed disclosures. Opp. at 4. But Plaintiffs allege false and misleading statements made **for the first time in 2019**, including about decisions that were rendered **in 2019**. ¶¶8-12, 117, 119-219. Indeed, these allegations constitute the vast majority of Plaintiffs'

allegations. And, as outlined below (*infra* §II), Defendants have made **new** misleading statements as recently as May 19, 2020 – <u>after</u> Plaintiffs' Opposition was filed – that are entirely separate and distinct from those they have historically made. *See In re Longtop Fin. Techs. Ltd. Secs. Litig.*, 939 F. Supp. 2d 360, 378 (S.D.N.Y. 2013) (statute of repose "begins to run from the time that the allegedly fraudulent representations <u>were made</u>"); 28 U.S.C. 1658 (period runs from violation). Put simply, there is no meritorious argument that claims for declaratory and injunctive relief to stop these **ongoing and future** false and misleading statements could possibly be time barred.[2]

B. The Purchaser-Seller Rule Does Not Apply

Defendants next argue that *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975) overruled the injunction exception to the purchaser-seller rule long-recognized by the Second Circuit in *Mutual Shares Corp. v. Genesco, Inc.*, 384 F.2d 540 (2d Cir. 1967). Reply at 6. But the *Blue Chip* decision was specifically limited to whether an offeree "may maintain a private right of action **for money damages**," *Blue Chip*, 421 U.S. at 725, and Defendants unsurprisingly are unable to cite to a single controlling case from the Second Circuit for the proposition that *Blue Chip* overruled the injunction exception. Rather, they merely cite to a single Southern District of New York case and a handful of out-of-circuit cases (Reply at 6-7), none of which are binding on this Court (and which, Plaintiffs respectfully submit, were wrongly decided).

"This Court cannot ignore binding Second Circuit precedent, unless it is expressly or implicitly overruled." *Polestar Mar. Ltd. v. Nanjing Ocean Shipping Co.*, 631 F. Supp. 2d 304, 305 (S.D.N.Y. 2009) (citation omitted).[3] *Mutual Shares* has been neither expressly nor implicitly

---

[2] Finally, even if Plaintiffs' claims for declaratory and future injunctive relief "based on the Bearer Bonds" were somehow time barred (they are not), Plaintiffs purchased their ADRs in 2019 (¶86), and Defendants cannot (and have not) argued that those claims could possibly be time-barred.

[3] *See also United States v. Moreno*, 94-cr-165 (SS), 2000 U.S. Dist. LEXIS 17947, at *18, 2000 WL 1843232 (S.D.N.Y. Dec. 14, 2000) ("[D]istrict courts and other inferior courts are bound by decisions of the Court of Appeals

3

overruled by *Blue Chip*. And, while Defendants accurately note that the Second Circuit in *Simon DeBartolo* did not expressly rule on plaintiff's standing (because the issue was not before it), the Court acknowledged in that case that "the [purchaser-seller] rule is not without exceptions . . . [and] does not necessarily extend to actions seeking injunctive relief." 186 F.3d at 170.[4] Clearly, if the Second Circuit believed that *Blue Chips* overruled *Mutual Shares*, it would have said so. Indeed, it is telling that the vast majority of the post-*Blue Chip* cases in this district have concluded that *Mutual Shares* still applies and that plaintiffs need not satisfy the purchaser-seller requirement where injunctive relief is sought. *See Telenor E. Invest AS v. Altimo Holdings & Invs. Ltd.*, 567 F. Supp. 2d 432, 443 (S.D.N.Y. 2008); *Langner v. Brown*, 913 F. Supp. 260, 270 (S.D.N.Y. 1996); *Packer v. Yampol*, 630 F. Supp. 1237, 1242 (S.D.N.Y. 1986); *Fuchs v. Swanton Corp.*, 482 F. Supp. 83, 89 (S.D.N.Y. 1979).[5]

### C. Reliance is Not Required in an Action for Injunctive Relief

Defendants next argue that only the Securities & Exchange Commission is excused from the reliance requirement in injunction cases. Reply at 10. But of the three cases cited by Defendants in support of this contention, two of them do not involve a private plaintiff at all, and in the *dicta* cited by Defendants the courts do not distinguish between private plaintiffs seeking injunctive relief and private plaintiffs seeking damages. *See SEC v. Apuzzo*, 689 F.3d 204 (2d Cir. 2012); *SEC v. Kelly*, 663 F. Supp. 2d 276 (S.D.N.Y. 2009)). And the third case – *Stoneridge Investment Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148 (2008) – did not even involve a request for

---

in the appropriate circuit unless overruled by an intervening Supreme Court decision or other change in law.") (Sotomayor, J.) (citing *Ithaca Coll. V. NLRB*, 623 F.2d 224, 228 (2d Cir. 1980)). Further, "Supreme Court *dicta* does not overrule Second Circuit precedent." *Valley Disposal v. Cent. Vt. Solid Waste Mgmt. Dist.*, 71 F.3d 1053, 1056 (2d Cir. 1995).

4   *Accord Crane Co. v. Am. Standard, Inc.,* 603 F.2d 244, 254 (2d Cir. 1979) (plaintiff had standing to assert claim for injunctive relief even though it was not a defrauded investor).

5   And, again, even if Plaintiffs' claims for declaratory and injunctive relief "based on the Bearer Bonds" did not fit within this well-recognized exception to the purchaser-seller rule (they do), Plaintiffs purchased their ADRs in 2019 (¶86), and Defendants cannot (and have not) argued that those claims run afoul of the rule.

4

injunctive relief. Tellingly, Defendants do not point to a single case where a court has explicitly held that a private plaintiff seeking only injunctive relief for securities law violations must plead reliance. Instead, they again try to run away from *Mutual Shares*, which is binding and which specifically held that "[i]t is not necessary in a suit for equitable or prophylactic relief to establish all the elements required in a suit for monetary damages." *Mutual Shares Corp. v. Genesco, Inc.*, 384 F.2d 540, 547 (2d Cir. 1967). Accordingly, and again, because Plaintiffs seek declaratory and injunctive relief to stop <u>ongoing and future</u> false and misleading statements (and no purchase or sale is required), reliance is not required.[6]

      D.  <u>Plaintiffs' Claims Are Not Impermissibly Extraterritorial</u>

Finally, Defendants argue that *Parkcentral Global HUB Ltd. v. Porsche Automobile Holdings SE*, 763 F.3d 198 (2d Cir. 2014) "dictates dismissal." Reply at 5-6. Not so. *Parkcentral* is easily distinguishable because it involved securities-based swap agreements that referenced shares of a company that **<u>traded only on foreign stock exchanges</u>**. Thus, in *Parkcentral*, although the swap agreements may have been executed in the United States, because "the complaints concern[ed] statements made primarily in Germany with respect to stock in a **<u>German company traded *only* on exchanges in Europe</u>**," the court found that dismissal was appropriate: "Were this suit allowed to proceed as pleaded, it would permit the plaintiffs, by virtue of an agreement independent from the reference securities, to hale the European participants in the market for **<u>German stocks</u>** into U.S. courts and subject them to U.S. securities laws." *Id.* at 216. Here, by contrast, Plaintiffs' claims are for a declaratory judgment that Defendants' statements in **<u>United States SEC filings</u>** are false and misleading and a permanent injunction enjoining Defendants from

---

[6]     For similar reasons, Plaintiffs have likewise adequately alleged injury (Opp. at 13-14), and Defendants cite no authority for their attempts to separate injuries to Plaintiffs' Bearer Bonds, which have been significantly diminished in value as a result of Defendants' ongoing and future false and misleading statements.

continuing to make those statements in future SEC filings, all of which will involve the sale of stock on the **New York Stock Exchange**. *See* Opp. at 14.  Thus, *Morrison* is more than satisfied here.

## II.     Defendants Continue to Make False and Misleading Statements

On May 19, 2020 (after Plaintiffs' Opposition was filed), Defendants filed Eletrobras' Form 20-F for the fiscal year ending December 31, 2019 (the "2019 Annual Report").[7] In the 2019 Annual Report, Defendants make similar false and misleading statements regarding Eletrobras' Compulsory Loan Obligations as they did in the 2018 Annual Report.[8] What is more, and importantly, although Defendants newly disclose in the 2019 Annual Report that they estimate the potential adverse impact of the 2019 STJ Decision to be **approximately R$11 billion (U.S. $1.92 billion)**, they also state that they **still have not recorded a provision for this amount** – thereby admitting the falsity of their financial statements and the magnitude of that falsity. Ex. 1 at pp. 5, 6, 8, 9, 15 (of PDF).

These continuing false and misleading statements lend further support to Plaintiffs' request for injunctive relief. Indeed, the thrust of Defendants' entire Motion is that, even if Defendants' SEC filings are false and misleading, this Court is powerless to do anything about it, and it is apparent that, if this Court does not act, Defendants will consider it license to continue making false and misleading statements to American investors like these. The Court should deny Defendants' Motion.

---

[7]     The parties previously agreed that, "given the nature of this case, the motion to dismiss/related briefing can refer to/rely on statements/filings made by Eletrobras after the complaint was filed, notwithstanding the deadline for amended pleadings." Dkt. No. 25-1 at p. 5.

[8]     Specifically, Defendants continue to misrepresent to shareholders that (1) the 2019 STJ Decision is limited in application and (2) that they can appeal the 2019 STJ Decision to the STF, which may change the outcome. Ex. 1 (excerpts of 2019 Annual Report), at pp. 6-9, 15 (of PDF).

Respectfully submitted,

*/s/ ____Melissa H. Harris_____*
**KAHN SWICK & FOTI, LLC**
Lewis S. Kahn (admitted PHV)
Michael J. Palestina (admitted PHV)
Melissa H. Harris (MH-3583)
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
Tel.: (504) 455-1400
Fax: (504) 455-1498
E-mail: Lewis.Kahn@ksfcounsel.com
Michael.Palestina@ksfcounsel.com
Melissa.Harris@ksfcounsel.com

*Attorneys for Plaintiffs*