UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EAGLE EQUITY FUNDS, LLC, AHG
VERMOGENSVERWALTUNGSGESELLSCHAFT
MB, and AAE MANAGEMENT FOR ENERGY
EQUIPMENT LLC,

                Plaintiffs,

   -against-                               19 **CIVIL** 9344 (JMF)

                                           **JUDGMENT**

CENTRAIS ELÉTRICAS BRASILEIRAS S/A –
ELETROBRAS, WILSON PINTO FERREIRA,
JR., and ELVIRA BARACHUY CAVALCANTI
PRESTA,

                Defendants.
-------------------------------------------------------------X

       It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated February 3, 2021, Defendants' motion to dismiss is granted and Plaintiffs' Complaint is dismissed in its entirety. Moreover, that dismissal is without leave to amend, for several reasons. First, given the grounds for the Court's decision, amendment would almost certainly be futile. See, e.g., Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (Where it appears that granting leave to amend is unlikely to be productive,... it is not an abuse of discretion to deny leave to amend.); Banco Safra, 2018 WL 1276847, at *4 (refusing to grant leave to amend in a securities fraud case where the plaintiffs failed to indicate that amendment would cure pleading deficiencies). Second, although Plaintiffs request leave to amend, see Pls.' Opp'n 40 n.31, they do not give any indication that [they are] in possession of facts that would cure the problems identified in this opinion, Clark v. Kitt, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014); see also TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014) (A plaintiff need not be given leave to amend if it fails to specify... how amendment would cure the pleading deficiencies in its complaint.). And finally, in its previous

Order granting Plaintiffs leave to file an amended complaint, ECF No. 27, the Court expressly warned that Plaintiffs would not be given another opportunity to address the issues raised in Defendants' motion to dismiss, see, e.g., Clark, 2014 WL 4054284, at *15 (holding that the plaintiff's failure to remedy the complaint's deficiencies identified by an earlier motion to dismiss is alone sufficient ground to deny leave to amend); see also, e.g., Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (affirming the district court's denial of leave to amend in part because of previous opportunities that the plaintiff had received to amend the complaint). Judgment is entered in favor of Defendants; accordingly, this case is closed.

**Dated:**  New York, New York

      February 3, 2021

**RUBY J. KRAJICK**

**Clerk of Court**

**BY:** *K. Mango*

**Deputy Clerk**